Dean A. Reeves (# 150558)
  dreeves@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., f/k/a
Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSIA GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.: 5:14-cv-01374-JFW-SP<br><br>DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:  August 18, 2014<br>Time:  1:30 p.m.<br>Ctrm.:  16<br><br>[Assigned to the Hon. John F. Walter] |

TO PLAINTIFF HORTENSIA GONZALEZ, THROUGH HER ATTORNEY

OF RECORD:

PLEASE TAKE NOTICE that on August 18, 2014, at 1:30 p.m. in

Courtroom 16 of the above-entitled Court located at 312 North Spring Street, Los

Angeles, California 90012, the Honorable John L. Walter presiding, defendant

Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest,

N.A., f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB ("Wells

Fargo") will and hereby does move the Court to dismiss Plaintiff's complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 | complaint fails to state a claim upon which relief can be granted, specifically:

2 |     1.    <u>First Claim for Relief: Negligence</u>

3 |     Plaintiff fails to state a claim for relief because Wells Fargo did not owe

4 | Plaintiff a tort duty of care.

5 |     2.    <u>Second Claim for Relief: Negligent Misrepresentation</u>

6 |     Plaintiff fails to state a claim for relief because: (i) ) Plaintiff failed to plead

7 | a false representation of a past or existing material fact; (ii) Wells Fargo did not

8 | owe plaintiff a fiduciary duty, which is essential to a concealment claim; (iii)

9 | Plaintiff fails to plead the required elements and with the required specificity; and

10 | (iv) there is no actual reliance by Plaintiff.

11 |     3.    <u>Third Claim for Relief: Promissory Estoppel</u>

12 |     Plaintiff fails to state a claim for relief because: (i) the statute of frauds

13 | prohibits an amendment of the parties' written contract based on an oral

14 | representation to the contrary; (ii) plaintiff failed to plead a clear and

15 | unambiguous promise; and (iii) plaintiff failed to allege justifiable reliance.

16 |     4.    <u>Fourth Claim for Relief: Violation of the California Homeowner Bill</u>

17 | <u>of Rights</u>

18 |     Plaintiff fails to state a claim for relief because: (i) Plaintiff fails to allege

19 | facts establishing a violation of Civil Code § 2923.6; and (ii) the provisions set

20 | forth in Civil Code § 2924.18 do not apply to Wells Fargo.

21 |     5.    <u>Fifth Claim for Relief: Violation of Business & Professions Code §</u>

22 | <u>17200</u>

23 |     Plaintiff fails to state a claim for relief because: (i) Plaintiff failed to plead

24 | particular facts showing ongoing unlawful, unfair, and fraudulent business acts by

25 | Wells Fargo; and (ii) Plaintiff lacks standing because she failed to plead injury in

26 | fact or that she lost money or property resulting from any actions of Wells Fargo in

27 | violation of the Unfair Competition Law.

28 |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    This motion is based on this notice of motion, the Memorandum of Points

2    and Authorities, the Request for Judicial Notice, the Court's records in this matter,

3    the arguments of the parties and counsel, and other evidence and argument that

4    may be presented prior to the Court's decision on the motion.

5    **Compliance with Local Rule 7-3.**  Prior to filing this motion, on July 10,

6    2014, defendants' counsel participated in a meet and confer via telephone with

7    Plaintiff's counsel, and discussed the claims asserted in the complaint and the basis

8    for the defendant's motion to dismiss.  The parties were unable to reach an

9    agreement that would render the instant motion unnecessary.  Therefore, Wells

10   Fargo's counsel's efforts under Local Rule 7-3 failed to yield a resolution of the

11   issues in dispute.

12                                    Respectfully submitted,

13   Dated:  July 14, 2014            ANGLIN, FLEWELLING, RASMUSSEN,

14                                        CAMPBELL & TRYTTEN LLP

15                                    By: _____/s/ Dean A. Reeves_____

16                                        Dean A. Reeves
                                     Attorneys for Defendant
17                                   WELLS FARGO BANK, N.A., successor
                                     by merger with Wells Fargo Bank
18                                   Southwest, N.A., f/k/a Wachovia Mortgage,
                                     FSB, f/k/a World Savings Bank, FSB
19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF CONTENTS</u>

Page

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

I.   INTRODUCTION.........................................................................................1

II.  SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS ...............................................................1

    A.   Plaintiff's Loan. .................................................................................1

    B.   History of Wells Fargo's predecessors in interest. ...........................1

    C.   Plaintiff Contends That Her Loan Modification Request Should Have Been Granted. .........................................................2

III.  LEGAL STANDARD ...................................................................................2

IV.  PLAINTIFF'S NEGLIGENCE CLAIM FAILS BECAUSE THE LACK OF A SUPPORTING DUTY .......................................................3

V.   PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM FAILS FOR LACK OF A DUTY .................................................................6

VI.  PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM LACKS MERIT.........9

    A.   Plaintiff Cannot Establish Justifiable Reliance....................................9

    B.   Plaintiff Failed To Establish A Clear Promise. ................................10

VII.  PLAINTIFF DOES NOT ALLEGE A VIOLATION OF THE HOMEOWNER'S BILL OF RIGHTS .......................................................11

VIII.  PLAINTIFF'S CLAIM FOR VIOLATION OF BUS. & PROF. CODE § 17200 IS NOT LINKED TO ANY WRONGFUL CONDUCT ...............12

    A.   Plaintiff lacks standing to bring a UCL claim. ................................12

    B.   Plaintiff's vague allegations fail to state a claim for unfair competition..........................................................................15

IX.  CONCLUSION ..........................................................................................16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Armstrong v. Chevy Chase Bank, FSB*
  2012 U.S. Dist. LEXIS 144125 (N.D. Cal. Oct. 3, 2012)..........................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................2, 3

*Bunce v. Ocwen Loan Servicing, LLC*,
  2013 U.S. Dist. LEXIS 100111 (E.D. Cal. July 17, 2013) ..........................................6

*DeLeon v. Wells Fargo Bank, N.A.*,
  2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011)..........................................8

*Gonzales v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 154851 (N.D. Cal. Oct. 29, 2012)..........................................5

*Guerrero v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)..........................................9, 10

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) ..........................................7

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ..........................................7

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ..........................................7

*Newgent v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 18476 (S.D. Cal. March 2, 2010)..........................................9

*Settle v. World Savings Bank, FSB*
  2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012) ..........................................6

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ..........................................3

*Villa v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 23741 (S.D. Cal. March 15, 2010)..........................................6

*Wool v. Tandem Computers, Inc.*,
  818 F.2d 1433 (9th Cir. 1987) ..........................................7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**STATE CASES**

*Aspiras v. Wells Fargo Bank,*
   219 Cal. App. 4th 948 (2013) ...................................................5

*Biakanja v. Irving,*
   49 Cal.2d 647 (1958) ...............................................................5

*Bustamante v. Intuit, Inc.,*
   141 Cal. App. 4th 199 (2006) ..............................................9, 10

*Cadlo v. Owens-Illinois, Inc.,*
   125 Cal. App. 4th 513 (2004) ...............................................6, 7

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.,*
   20 Cal. 4th 163 (1999) ...........................................................15

*Conroy v. Regents of Univ. of Calif.,*
   45 Cal. 4th 1244 (2009) ...........................................................8

*Daro v. Superior Ct.,*
   151 Cal.App.4th 1079 (2007) ................................................13

*Eddy v. Sharp,*
   199 Cal. App. 3d 858 (1988) ...................................................4

*Farmers Ins. Exch. v. Super. Ct.,*
   2 Cal. 4th 377 (1992) .............................................................15

*Garcia v. World Savs., FSB,*
   183 Cal. App. 4th 1031 (2010) ................................................9

*Graham v. Bank of Am., N.A.,*
   226 Cal.App.4th 594 (2014) .....................................................8

*Hall v. Time, Inc.,*
   158 Cal. App. 4th 847 (2008) ................................................16

*Hamilton v. Greenwich Investors XXVI, LLC,*
   195 Cal.App.4th 1602 (2011) ................................................14

*Ingels v. Westwood One Broad. Servs., Inc.,*
   129 Cal. App. 4th 1050 (2005) ..............................................15

*Jenkins v. JP Morgan Chase Bank, N.A.,*
   216 Cal.App.4th 497 (2013) ..............................................13, 14

*Khoury v. Maly's, Inc.,*
   14 Cal. App. 4th 612 (1993) ..................................................15

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) ...........................................................................15

*Kwikset Corp. v. Superior Ct.,*
    51 Cal.4th 310 (2011) ........................................................................12, 13

*Laks v. Coast Fed. Savs. & Loan Assn.,*
    60 Cal. App. 3d 885 (1976) ...................................................................10

*Lueras v. BAC Home Loans Servicing, LP,*
    221 Cal. App. 4th 49 (2013) ...................................................................5

*Mabry v. Superior Ct.,*
    185 Cal. App. 4th 208 (2010) ............................................................6, 14

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.,*
    48 Cal. 3d 583 (1989) .............................................................................4

*Nymark v. Heart Fed. Sav. & Loan Assn.*
    231 Cal. App. 3d 1089 (1991) .................................................................4

*Poway Royal Mobilehome Owners Ass'n. v. City of Poway,*
    149 Cal. App. 4th 1460 (2007) ...............................................................9

*Quelimane Co. v. Stewart Title Guar. Co.,*
    19 Cal. 4th 26 (1998) ..............................................................................6

*Ragland v. U.S. Bank Nat. Assn.*
    209 Cal.App.4th 182 (2012) ....................................................................4

*Saunders v. Super. Ct.,*
    27 Cal. App. 4th 832 (1994) ............................................................15, 16

*Small v. Fritz Cos., Inc.,*
    30 Cal. 4th 167 (2003) ............................................................................6

*Smith v. City & County of San Francisco,*
    225 Cal. App. 3d 38 (1990) .....................................................................9

*Software Design and Appl. Ltd. v. Hoeffer & Arnolt Inc.,*
    49 Cal. App. 4th 472 (1996) ...................................................................4

*Vlat v. University of So. California,*
    5 Cal. App. 3d 935 (1970) .......................................................................9

*Wagner v. Benson*
    101 Cal.App.3d 27 (1980) .......................................................................4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ...........................................................................12

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL") ...........................................15

Cal. Bus. & Prof. Code § 17204..................................................................12, 14

Cal. Civ. Code § 2923.5 .........................................................................................14

Cal. Civ. Code §§ 2923.5, 2923.7, 2924.11 and 2924.17 ................................11

Cal. Civ. Code § 2923.7...........................................................................................11

Cal. Civ. Code § 2924.18........................................................................................12

Cal. Civ. Proc. Code § 2924.18(b)........................................................................12

**RULES**

Fed. R. Civ. P. 9(b) ....................................................................................................7

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

<div align="center">**MEMORANDUM OF POINTS AND AUTHORITIES**</div>

**I.     INTRODUCTION**

This action arises out of a secured loan made by World Savings Bank, FSB ("World Savings") in 2007 to plaintiff Hortensia Gonzalez, to finance the purchase of a home located in Fontana, California.  Over the course of the last few years Plaintiff has sought a loan modification from Wells Fargo Bank, N.A. ("Wells Fargo"), World Savings' successor-in-interest to Plaintiff's loan.

Plaintiff's predominant grievance is that her requests for a loan modification have been improperly denied.  As briefed below, Plaintiff fails to state a viable claim for relief against the lender.  Accordingly, Wells Fargo requests that the Court grant its motion to dismiss the complaint, in its entirety, with prejudice.

**II.    SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS**

**A.     Plaintiff's Loan.**

The subject property is located at 7508 Dumond Street, Fontana, California 92336 (the "Property").  (Comp., ¶ 1.)  On April 2, 2007, Plaintiff Hortensia Gonzalez financed the Property with a loan from World Savings Bank, FSB ("World Savings") (Wells Fargo's predecessor in interest) in the amount of $294,000.00.  (Request for Judicial Notice ("RJN"), Exh. A.)  A Deed of Trust securing this loan was recorded with the San Bernardino County Recorder's Office on April, 2007.  (RJN, Exh. B.)

**B.     History of Wells Fargo's predecessors in interest.**

Wells Fargo's predecessor in interest and the lender on the subject loan, World Savings, was a federal savings bank.  (*See* Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS"), dated April 21, 2006, RJN, Exh. C.)  World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007, as shown by a letter dated November 19, 2007 from the OTS. (RJN, Exh. D.)  Effective November 1, 2009, Wachovia Mortgage, FSB was

<div style="writing-mode: vertical-rl">Anglin Flewelling Rasmussen Campbell & Trytten llp</div>

1  converted to a national bank with the name Wells Fargo Bank Southwest, N.A.,

2  and merged with and into Wells Fargo Bank, N.A.  These events are confirmed in

3  the Comptroller of the Currency's ("OCC") Official Certification.  (RJN, Exh. E.)

4        **C.**     **Plaintiff Contends That Her Loan Modification Request Should**

5                **Have Been Granted.**

6        On April 28, 2014, Plaintiff commenced this action in the Superior Court of

7  California, County of Los Angeles.  This action was timely removed.

8        Plaintiff basically alleges one grievance interspersed throughout her five

9  claims for relief.  The allegations in the Complaint set forth a vague history of loss

10 mitigation efforts between Plaintiff and Wells Fargo beginning in August, 2009.

11 (Comp., ¶¶ 15-23.)  Plaintiff claims that her previous applications for a loan

12 modification were denied for various reasons, including insufficient income.

13 (Comp., ¶15.)  Plaintiff alleges that during her various attempts to obtain a loan

14 modification Wells Fargo had promised to provide her with assistance but failed to

15 do so.  (Comp., ¶ 16.)  In sum, Plaintiff argues that Wells Fargo has not acted in

16 good faith in responding to her many applications for assistance, and has not been

17 offered a permanent loan modification for foreclosure alternative.  (Comp., ¶22.)

18 Plaintiff's complaint is based on the theory that Wells Fargo's refusal to provide

19 Plaintiff with a loan modification subjects Wells Fargo to some legal liability.

20       However, as briefed below, even the most optimistic and benevolent

21 analysis of Plaintiff's complaint will lead to the conclusion that none of her claims

22 for relief have merit.

23 **III.**  **LEGAL STANDARD**

24       Although the complaint need not contain detailed allegations, its "[f]actual

25 allegations must be enough to *raise a right to relief above the speculative level . . .*

26 *on the assumption that all the allegations in the complaint are true (even if doubtful*

27 *in fact)."  Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007) (emphasis

28 added).  In short, it must allege "enough facts to state a claim to relief that is

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    *plausible on its face*." *Id. at 570* (emphasis added).  The "plausibility" requirement

2    governs complaints in all federal civil actions.  *Ashcroft v. Iqbal*, 556 U.S. 662,

3    883-884 (2009).

4         In determining the "plausibility" of a complaint, the court must first identify

5    which statements in the complaint are factual allegations and which are legal

6    conclusions.  Courts are not bound to accept as true allegations that are legal

7    conclusions, even if cast in the form of factual allegations.  *Ashcroft v. Iqbal*, 556

8    U.S. at 884.  Second, the court, drawing "on its judicial experience and common

9    sense," must decide in the specific context of the case whether the factual

10   allegations, if assumed true, allege a *plausible* claim.  *Id.*   The plausibility

11   standard is *not* the equivalent to a "probability requirement," but requires more

12   than a mere possibility that the defendant has acted unlawfully.  *Id.*

13        To establish a "plausible" claim, the complaint must contain "more than

14   labels and conclusions" or "formulaic recitations of the elements of a cause of

15   action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.  "While legal

16   conclusions can provide the framework of a complaint, they must be supported by

17   factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. at 884.  Moreover, the factual

18   allegations in the complaint must be sufficient to nudge plaintiff's "claims across

19   the line from conceivable to plausible."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

20   at 570.  Under the standards adopted by the Supreme Court, in order to be entitled

21   to the presumption of truth, the complaint "must contain allegations of underlying

22   facts to give *fair notice* and to enable the opposing party to *defend itself*

23   *effectively*."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added).

24   **IV.   PLAINTIFF'S NEGLIGENCE CLAIM FAILS BECAUSE THE LACK**

25        **OF A SUPPORTING DUTY**

26        According to Plaintiff, acting as the lender and  servicer, Wells Fargo "had a

27   duty to exercise reasonable care and skill to maintain proper and accurate loan

28   records and to discharge and fulfill other incidents attendant to the maintenance,

accounting and servicing of loan records, . . ." (Comp., ¶ 26.)  Plaintiff contends that Wells Fargo breached this duty by "continuing to deny Plaintiff for relief due to their arbitrary reasons." (Comp., ¶26.)  The crux of Plaintiff's complaint, which serves as the basis for her other claims, is the allegation that Wells Fargo "breached their duty of care and skill to Plaintiff in the servicing of Plaintiff's loans and in the loan modification process." (Comp., ¶ 27.)

To assert a claim for negligence, Plaintiff must allege that defendants owed a duty to her that was subsequently breached, and such breach was the proximate cause of her injury.  *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989).  "The determination of whether a duty exists is primarily a question of law."  *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).  "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant."  *Software Design and Appl. Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996).

In *Nymark v. Heart Fed. Savs. & Loan Ass'n*, the court explained: "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  231 Cal. App. 3d 1089, 1096 (1991).  Indeed, "[l]iability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise beyond the domain of the usual money lender."  *Id.*; *see also Wagner v. Benson* (1980) 101 Cal.App.3d 27, 34–35; *Ragland v. U.S. Bank Nat. Assn*. (2012) 209 Cal.App.4th 182, 206 ("No fiduciary duty exists between a borrower and lender in an arm's length transaction.")  Here, Wells Fargo's purported misconduct involves the servicing of the loan and processing of Plaintiff's loan modification applications, neither of which extends beyond the normal business of a lender.

The California Court of Appeal recently held that a lender does not owe a duty of care in servicing a loan or handling a borrower's loan modification

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  application.  *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49,

2  67 (2013).  The Court stated:

> 3  We conclude a loan modification is the renegotiation of
> 4  loan terms, which falls squarely within the scope of a
> 5  lending institution's conventional role as a lender of
> 6  money.…  The *Biakanja* factors do not support
> 7  imposition of a common law duty to offer or approve a
> 8  loan modification.  If the modification was necessary due
> 9  to the borrower's inability to repay the loan, the
> 10  borrower's harm, suffered from denial of a loan
> 11  modification, would not be closely connected to the
> 12  lender's conduct.  If the lender did not place the borrower
> 13  in a position creating the need for a loan modification,
> 14  then no moral blame would be attached to the lender's
> 15  conduct.

16  *Id.* at 67 (*citing Biakanja v. Irving*, 49 Cal.2d 647 (1958)).  The *Lueras* court

17  went on to conclude that the lender did not have "a duty of due care to handle

18  Lueras's loan 'in such a way to prevent foreclosure and forfeiture of his

19  property.'"  *Id.* at 68.

20       Indeed, the overwhelming majority of district courts have concluded that no

21  duty of care is owed by a bank when evaluating a borrower for a modification.

22  The district court in *Armstrong v. Chevy Chase Bank, FSB*, 2012 U.S. Dist. LEXIS

23  144125, at *9-*13 (N.D. Cal. Oct. 3, 2012), explained that a duty of care is not

24  even created when a lender <u>offers</u> the borrower a loan modification, because like

25  the original underwriting process, a modification review and approval is simply a

26  renegotiation of the loan terms.  See also, *Gonzales v. Wells Fargo Bank, N.A.*,

27  2012 U.S. Dist. LEXIS 154851, at *20 (N.D. Cal. Oct. 29, 2012)  ("A loan

28  modification, which is nothing more than a renegotiation of loan terms, falls well

1   within an institution's conventional money-lending role."); *Settle v. World Savings*

2   *Bank, FSB*, 2012 U.S. Dist. LEXIS 4215, at *24 (C.D. Cal. Jan. 11, 2012) (Court

3   dismissed negligence-related claims for failure to plead a duty of care); *Coppes v.*

4   *Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 42061, at *17-*18 (E.D. Cal.

5   April 13, 2011) (lender did not owe a duty of care in modification review because

6   it did not participate "in a financed enterprise beyond the domain of the usual

7   money lender.").

8        Wells Fargo is not obligated to provide Plaintiff with a loan modification,

9   thus Plaintiff is not able to assert a negligence claim based on the loan

10  modification review.  As repeatedly recognized by the courts, a lender has no duty

11  to modify a borrower's loan.  See *Mabry v. Superior Ct.,* 185 Cal. App. 4th 208 at

12  222-224, 231 (2010); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS

13  23741, at *6-*7 (S.D. Cal. March 15, 2010); *Bunce v. Ocwen Loan Servicing, LLC*,

14  2013 U.S. Dist. LEXIS 100111, at *13-*14 (E.D. Cal. July 17, 2013).  Indeed,

15  ultimately Wells Fargo has absolute discretion to deny a modification, and Plaintiff

16  fails to plead any facts that would establish a legal duty to provide her with a loan

17  modification.

18        Plaintiff cannot establish a duty of care owed to them, and without a duty of

19  care, Plaintiff's negligence claim cannot survive.  *Quelimane Co. v. Stewart Title*

20  *Guar. Co.*, 19 Cal. 4th 26, 57-60 (1998).  For all of these reasons, the first claim

21  for negligence should be dismissed without leave to amend.

22  **V.   PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM**

23  **        FAILS FOR LACK OF A DUTY**

24        Plaintiff's second claim for relief is styled as Negligent Misrepresentation.

25  Negligent misrepresentation is a species of fraud and thus Plaintiff's claim must

26  also meet the heightened pleading standard of particularity. *Small v. Fritz Cos.,*

27  *Inc.*, 30 Cal. 4th 167, 173-74 (2003); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App.

28  4th 513, 519 (2004).  The elements of fraud are: (1) misrepresentation; (2)

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1  knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting

2  damages. *Cadlo*, 125 Cal. App. 4th at 519. The elements of negligent

3  misrepresentation are the same except there is no requirement of intent to defraud

4  or induce reliance. *Id.*

5  "[I]t is well-established in the Ninth Circuit that both claims for fraud and

6  negligent misrepresentation must meet Rule 9(b)'s particularity requirement."

7  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

8  The purpose of Rule 9(b) is to ensure that "allegations of fraud are specific enough

9  to give defendants notice of the particular misconduct which is alleged to

10 constitute the fraud charged so that they can defend against the charge and not just

11 deny that they have done anything wrong. *Neubronner v. Milken*, 6 F.3d 666, 671

12 (9th Cir. 1993). "The complaint must specify such facts as the times, dates, places,

13 benefits received, and other details of the alleged fraudulent activity." *Id.* at 671-

14 72. Merely identifying allegedly fraudulent conduct fails.

15 As for corporate defendants, Rule 9(b) also requires plaintiffs to specifically

16 plead: (1) the misrepresentation, (2) the speaker and his or her authority to speak

17 (3) when and where the statements were made, (4) whether the statements were

18 oral or written, (5) if the statements were written, the specific documents

19 containing the representations, and (6) the manner in which the representations

20 were allegedly false or misleading. *Moore v. Kayport Package Express, Inc.*, 885

21 F.2d 531, 549 (9th Cir. 1989). Vague or conclusory allegations are insufficient to

22 satisfy Rule 9(b)'s "particularity" requirement. *Wool v. Tandem Computers, Inc.*,

23 818 F.2d 1433, 1439 (9th Cir. 1987).

24 Plaintiff alleges that Wells Fargo informed her that "the bank was work to

25 provide Plaintiff with a loan modification; thus, she need not worry that her house

26 was being foreclosed upon while the loan modification was being processed and

27 she was 'under review.'" (Comp., ¶ 31.) Plaintiff then contends that these

28 statements were untrue because she "never received such offer," and that Wells

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Fargo has "referred Plaintiff's home to foreclose."  *Id.*  These allegations are

2    completely vague and fail to satisfy the pleading requirements for such a claim.

3    Plaintiffs fail to allege the individual from Wells Fargo that allegedly made these

4    statements, or when the statements were made.  Since no time frame has been

5    provided in these allegations, it is impossible to determine what Wells Fargo did

6    with respect to foreclosing on the Property.  Nowhere does Plaintiff allege that a

7    Notice of Default or a Notice of Trustee's Sale has been recorded.

8         Furthermore, Plaintiff fails to allege facts showing any justifiable reliance

9    resulting in actual damage.  "Actual reliance occurs when a misrepresentation is

10   'an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' and

11   when, absent such representation, 'he would not, in all reasonable probability, have

12   entered into the contract or other transaction.'"  *Conroy v. Regents of Univ. of*

13   *Calif.*, 45 Cal. 4th 1244, 1256 (2009).  Insufficient factual allegations of justifiable

14   reliance, or any other element of fraud, subject a complaint to dismissal.  *Id.  See,*

15   *Graham v. Bank of Am., N.A.,* 226 Cal.App.4th 594, 606 (2014) ("For active

16   misrepresentation, a plaintiff must plead and prove reliance on the representation

17   was a substantial factor in causing harm to the plaintiff.  For fraudulent

18   concealment, the plaintiff must plead and prove he or she sustained damage as a

19   result of the concealment or suppression of fact.").

20        Here, Plaintiff alleges that she "justifiably relied" on Wells Fargo's

21   representations, but fails to allege any conduct she undertook or failed to take as

22   part of this reliance.  (Comp. ¶ 33.)  As in *Graham,* here, Plaintiff fails to plead a

23   causal connection between her alleged damages and any actionable conduct by

24   Wells Fargo.  Indeed, Plaintiff's alleged damages are the result of her default on

25   the loan, not the alleged representations occurring during Plaintiff's attempts to

26   obtain a loan modification.  *See also, DeLeon v. Wells Fargo Bank, N.A.*, 2011

27   U.S. Dist. LEXIS 8296, at *19-*22 (N.D. Cal. 2011).

28

1    **VI.    PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM LACKS MERIT**

2    In her third claim for relief, Plaintiff asserts that Wells Fargo's "made

3    representations that it would complete a loan modification review and the

4    forbearance plan with Plaintiff regarding the Subject Property if Plaintiff provided

5    all financial documents." (Comp., ¶ 37.)

6    "The elements of a claim for promissory estoppel are: '(1) a clear promise,

7    (2) reliance, (3) substantial detriment, and (4) damages.'" *Poway Royal*

8    *Mobilehome Owners Ass'n. v. City of Poway,* 149 Cal. App. 4th 1460, 1471

9    (2007).  The promise must be clear and unambiguous in its terms. *Garcia v. World*

10   *Savs., FSB,* 183 Cal. App. 4th 1031, 1044 (2010).  "To be enforceable, a promise must

11   be definite enough that a court can determine the scope of the duty[,] and the limits

12   of performance must be sufficiently defined to provide a rational basis for the

13   assessment of damages." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209

14   (2006).

15   **A.    Plaintiff Cannot Establish Justifiable Reliance.**

16   Plaintiff must allege that she detrimentally relied on Wells Fargo's purported

17   promise. *Newgent v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 18476, at

18   *17 (S.D. Cal. March 2, 2010).  "Detrimental reliance is an essential feature of

19   promissory estoppel." *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS

20   96261, at * 12 (C.D. Cal. Sept. 14, 2010).  Promissory estoppel requires Plaintiff to

21   demonstrate a change in position in response to what was promised. *Smith v. City*

22   *& County of San Francisco*, 225 Cal. App. 3d 38, 48 (1990).  The action induced

23   must be "of a definite and substantial character on the part of the promissee." *Vlat*

24   *v. University of So. California*, 5 Cal. App. 3d 935, 944 (1970).

25   In a contrived effort to establish reliance, Plaintiff simply stated that she

26   "justifiably relied on the representations," and that Wells Fargo's conduct

27   "prevented Plaintiff from being able to take measures to save her property."

28   (Comp., ¶38.)  In *Guerrero v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   96261 (C.D. Cal. Sept. 14, 2010), the plaintiffs alleged that the lender advised

2   them that the trustee's sale had been cancelled and that they should provide more

3   information relating to their loan modification application.  Dissimilar to the

4   instant action, in *Guerrero* "Plaintiffs allege[d] that they would have reinstated the

5   loan prior to expiration of the reinstatement period if they were informed that the

6   trustee's sale would proceed." *Id.* at * 4.  Granting the lender's motion to dismiss

7   the estoppel claim, the *Guerrero* Court held that "Plaintiffs allege they

8   detrimentally relied on defendant's promise to postpone the foreclosure sale.

9   However, as Defendant asserts, these allegations are conclusory and even if

10  interpreted in Plaintiff's favor do not sufficiently state detrimental reliance.  For

11  example, plaintiffs fail to allege facts that could establish that Plaintiffs would have

12  been successful in renegotiating their loan and retaining the Property." *Id.* at *12.

13         Plaintiff has not alleged any conduct by her that she took to her detriment

14  in reliance on the alleged misrepresentations, nor has she alleged what conduct

15  she could have taken to "save her property" or how Wells Fargo prevented her

16  from taking such action.  Moreover, since Plaintiff has not alleged that a Notice

17  of Default or Notice of Trustee's Sale has been recorded, or that her property has

18  been sold at a trustee's sale, the allegations regarding foreclosure activity during

19  the review process make no sense, and certainly fail to demonstrate the requisite

20  justifiable reliance to proceed with this claim.

21         **B.     Plaintiff Failed To Establish A Clear Promise.**

22         The law is clear that the oral representations must amount to a "promise

23  clear and unambiguous in its terms." *Laks v. Coast Fed. Savs. & Loan Assn.*, 60

24  Cal. App. 3d 885, 890 (1976).  "To be enforceable, a promise must be definite

25  enough that a court can determine the scope of the duty[,] and the limits of

26  performance must be sufficiently defined to provide a rational basis for the

27  assessment of damages." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209

28  (2006).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   That a loan modification would be *completed* by Wells Fargo is hardly a

2   "clear and unambiguous" promise.  In fact, Plaintiff's own allegations state that her

3   applications were considered by Wells Fargo and that these applications were

4   denied.  (Comp., ¶¶ 15-18.)  Additionally, there was no promise by Wells Fargo to

5   modify Plaintiff's loan, there is no indication as to what terms a loan modification

6   would be offered to Plaintiff or whether those terms would be acceptable.

7   **VII.   PLAINTIFF DOES NOT ALLEGE A VIOLATION OF THE**

8   **HOMEOWNER'S BILL OF RIGHTS**

9   In her attempt to plead a cause of action, Plaintiff provides a few vague

10  allegations regarding various provisions in the Civil Code that comprise the

11  recently enacted Homeowner's Bill of Rights ("HBOR"), but fails to alleged

12  conduct by Wells Fargo that would be in violation of these particular statutes.

13  Plaintiff begins by referencing Civil Code §§ 2923.5, 2923.7, 2924.11 and

14  2924.17, stating that injunctive relief is available to borrowers for a material

15  violation of these statutes.  (Comp., ¶ 42.)  Yet, Plaintiff fails to allege what actions

16  were taken by Wells Fargo that would constitute a violation of these provisions in

17  HBOR.  Plaintiff does asserts a series of vague allegations related to her attempts

18  to obtain a loan modification, but does not allege how this violated any of the cited

19  statutes.

20  Plaintiff does makes an attempt to allege that Wells Fargo failed to provide

21  her with a single point of contact ("SPOC"), as required by Civil Code § 2923.7.

22  According to Plaintiff, "upon request from a borrower who requests a foreclosure

23  prevention alternative, the mortgage servicer shall promptly establish a single point

24  of contact . . ." (Comp., ¶ 47.)  However, absent from the charging pleading is an

25  allegation that Plaintiff actually requested that Wells Fargo assign her a SPOC.

26  Accordingly, Plaintiff's claim that Wells Fargo failed to unilaterally assign her a

27  SPOC cannot give rise to civil liability.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Plaintiff's passing reference to Civil Code § 2924.18 is simply irrelevant,

2   and cannot provide the basis of any liability with respect to conduct by Wells

3   Fargo.  (Comp., ¶ 44.) Section 2924.18 imposes certain limitations upon a

4   mortgage servicer with respect to proceeding with a non-judicial foreclosure once a

5   complete application for a loan modification has been received from the borrower.

6   However, this particular statute, which went into effect on January 1, 2013, only

7   applies to those "depository institution" that foreclosed on 175 or fewer residential

8   properties, in the prior year.  Civ. Proc. Code § 2924.18(b).  There is not any basis

9   to reasonably dispute that Wells Fargo has foreclosed on more than 175 properties

10   during the previous year, therefore, this statute clearly does not even apply to

11   Wells Fargo.

12   **VIII.  PLAINTIFF'S CLAIM FOR VIOLATION OF BUS. & PROF. CODE**

13   **§ 17200 IS NOT LINKED TO ANY WRONGFUL CONDUCT**

14   Plaintiff asserts a number of allegations related to her efforts to obtain loan

15   modification in which she claims that Wells Fargo's conduct during the loss

16   mitigation process amounted to unfair and fraudulent business practices.  (Comp.,

17   ¶ 51.)  Once again, these allegations all arise from Wells Fargo's denial of the

18   many applications for a loan modification submitted by Plaintiff.

19   **A.   Plaintiff lacks standing to bring a UCL claim.**

20   In considering the private standing requirements of Business & Professions

21   Code section 17204, the California Supreme Court set forth a "simple test" to

22   determine whether a plaintiff has standing to bring a private UCL action.  *Kwikset*

23   *Corp. v. Superior Ct.*, 51 Cal.4th 310, 322 (2011).  As stated by the Court: "To

24   satisfy the narrower standing requirements imposed by Proposition 64, a party

25   must now (1) establish a loss or deprivation of money or property sufficient to

26   qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic

27   injury was the result of, i.e., *caused by*, the unfair business practice or false

28   advertising that is the gravamen of the claim."  *Id.*  In order to survive demurrer,

1   the plaintiff must plead "general factual allegations of injury resulting from the

2   defendant's conduct." *Id.* at 327.  However, a plaintiff fails to satisfy the causation

3   prong of the statute if he or she would have suffered "the same harm whether or

4   not a defendant complied with the law." *Daro v. Superior Ct.*, 151 Cal.App.4th

5   1079, 1099 (2007).

6        Plaintiff makes no alleges as to actual monetary damages suffered as a result

7   of Wells Fargo's conduct, but merely alleges that Wells Fargo has been "unjustly

8   enriched and should be required to disgorge its illicit profits and/or made

9   restitution to Plaintiff . . . ." (Comp., ¶ 54.)  Despite these vague and conclusory

10  allegations, Plaintiff has not alleged an injury in fact, nor can she allege that she

11  lost money or property as a result of any act or omission by Wells Fargo.  Indeed,

12  as noted above, Plaintiff's allegations all arise from her attempt to obtain a loan

13  modification, which Wells Fargo is not legally obligated to provide.  Plaintiff fails

14  to allege how she has suffered any injury from Wells Fargo refusal to provide her

15  with something to which she has no legal entitlement.

16       Indeed, any alleged injury and loss would have actually been caused by

17  Plaintiff's failure to make her mortgage payments as promised.  (Comp., ¶13)  In a

18  similar situation, the Court in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216

19  Cal.App.4th 497 (2013), held that the borrower did not have standing to bring a

20  claim for violation of UCL.  In *Jenkins*, the borrower alleged that the defendant's

21  unfair business practices caused her home to be subjected to foreclosure, and

22  resulted in her incurring unspecified monetary damages.  *Id.* at 520.  The borrower

23  also claimed that the alleged unfair business practices entitled her to a preliminary

24  injunction prohibiting the foreclosure on her home.  *Id.*

25       After noting the test for standing set forth in *Kwikset Corp.*, the Court in

26  *Jenkins* found:

27            It is also indisputable Jenkins' default triggered the

28            lawful enforcement of the power of sale clause in the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    deed of trust, and it was the triggering of the power of

2    sale clause that subjected Jenkins' home to nonjudicial

3    foreclosure. . . . As Jenkins' home was subject to

4    nonjudicial foreclosure because of Jenkins' default on her

5    loan, which occurred before Defendants' alleged

6    wrongful acts, Jenkins cannot assert the impending

7    foreclosure of her home (i.e., her alleged economic

8    injury) was caused by Defendants' wrongful actions.

9  *Id*. at 523.  Similarly, in *Hamilton v. Greenwich Investors XXVI, LLC*, 195

10  Cal.App.4th 1602 (2011), the Court of Appeal rejected the plaintiffs' attempt to

11  state a section 17200 claim based on an alleged violation of Civil Code section

12  2923.5 and stated:

13    **But plaintiffs cannot properly allege they lost money**

14    **or property "as a result of" defendants' alleged**

15    **violation of section 2923.5** (Bus. & Prof. Code, § 17204)

16    for the same reasons already discussed. **Plaintiffs' only**

17    **right to relief under the statute was postponement of**

18    **the foreclosure sale, and lenders are not required to**

19    **take any action under the statute. (*Mabry, supra*, 185**

20    **Cal.App.4th at pp. 214, 222– 223.)**

21  *Id.* at 1616-17 (emphasis added).

22    Here, Plaintiff has no actual loss caused by Wells Fargo's alleged conduct.

23  Since she has no legal right to a loan modification, there is no basis for alleging

24  actual injury when the requested relief is not provided by the lender.  Plaintiff also

25  does not dispute that she defaulted on her loan.  Instead, Plaintiff attempts to plead

26  a UCL violation based on conduct, the alleged "improper or premature foreclosure

27  proceedings," which was triggered by her own default.  Plaintiff therefore lacks

28  standing to bring this claim.

**B.**   **Plaintiff's vague allegations fail to state a claim for unfair competition.**

In addition to a lack of standing, the few allegations asserted by Plaintiff fails to allege a violation of California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* ("UCL").  A claim under the UCL must state with reasonable particularity the facts supporting the elements of the alleged violation.  *Khoury v. Maly's, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  It requires an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).  Here, Plaintiff's UCL claims lack the requisite specificity, and she attempts to hold Wells Fargo responsible for her inability to obtain a loan modification.

The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."  *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994) (citation omitted).  In short, the UCL "borrows" violations of other laws and authorizes a separate action pursuant to the UCL.  *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992).  The violation of almost any federal, state, or local law may serve as the basis for a UCL claim.  *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994).  But where plaintiffs cannot state a claim under the "borrowed" law, they cannot state a UCL claim either.  *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).  Plaintiff has not made any credible allegations that Wells Fargo refusal to provide her with a loan modification was in violation of any law.  Therefore, Plaintiff has not alleged any conduct that could be found to be "unlawful."

The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition."  *Cel-*

*Tech Comm'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Plaintiff fails to cite any constitutional provision, statute or regulation that was allegedly violated by Wells Fargo in connection with Plaintiff's application for a loan modification.  Therefore, Plaintiff's claims cannot support the "unfair" prong.

The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff. *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).  However, any claim Plaintiff makes regarding unfair business practices based upon the "fraud prong" fails as it has not been pled with specificity.  Plaintiff must also show that members of the public "are likely to be deceived." *Saunders*, 27 Cal. App. 4th at 839.  Plaintiff's bald assertion that Wells Fargo's practices were "likely to deceive," is insufficient to state a claim under the "fraud prong."  (Comp., ¶ 50.)  In all, Plaintiff has failed to allege any fraudulent act by Wells Fargo, and the complaint is completely devoid of any allegations that could satisfy the strict pleading requirements for this claim.

## IX.   CONCLUSION

For each of the foregoing reasons, Wells Fargo respectfully requests that this Court dismiss the complaint in its entirety, without leave to amend.  In the alternative, Wells Fargo respectfully requests that Plaintiff be required to submit a more definite statement of her case.

Respectfully submitted,

Dated:  July 14, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
       CAMPBELL & TRYTTEN LLP

By: _____/s/ Dean A. Reeves_____
       Dean A. Reeves
Attorneys for Defendant
WELLS FARGO BANK, N.A.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

DEFENDANT WELLS FARGO'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Counsel for Plaintiffs*

Daniel Lucid, Esq.
Brendt C. Butler, Esq.
LUCID LAW, PLC
164 N. Second Avenue
Upland, California 91786

Tel: 909.296.7100 | Fax: 909.321.5179
Email: butler@lucidslaw.com

☒   **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on July 14, 2014.

| Rachelle Guillory | */s/ Rachelle Guillory* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP